[No. 12808.    Department One. — June 9, 1890.]

## T. H. SILVA, RESPONDENT, *v.* JANE CAMPBELL, APPELLANT.

LANDLORD AND TENANT — NON-PAYMENT OF RENT — FORFEITURE OF LEASE — OPTION OF LANDLORD — WAIVER — ACCEPTANCE OF RENT IN ARREAR. — Where a lease provides for a re-entry for non-payment of rent and a termination of the lease for such non-payment, at the option of the landlord, the acceptance of rent in arrear, after notice of forfeiture and of termination of the lease, will not constitute a waiver of the forfeiture, unless it appears that the rent accepted became due after the breach was committed by the tenant.

ID. — UNLAWFUL DETAINER — "EXPIRATION OF TERM" — ENFORCEMENT OF FORFEITURE — NOTICE — EJECTMENT. — Subdivision 1 of section 1161 of the Code of Civil Procedure, providing that a tenant is guilty of an unlawful detainer in holding over after the "expiration of the term," refers only to expiration of the term specified in the lease by lapse of time, and summary proceedings cannot be instituted under said subdivision on the ground of expiration of the term by forfeiture; the only remedy to enforce such forfeiture unconditionally, in the absence of the three days' notice required by subdivisions 2 and 3 of said section, is by action of ejectment.

ID. — BREACH OF COVENANT — DEMAND AND NOTICE — ALTERNATIVE NOTICE OF PERFORMANCE. — In this state, summary proceedings will lie upon breach of any covenant or condition of the lease and a demand of possession, but the three days' notice prescribed by subdivisions 2 and 3 of section 1161 of the Code of Civil Procedure, requiring in the alternative the performance of such covenant or condition, or possession of the property, must be given.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*G. W. Bowie,* and *A. H. Griffith,* for Appellant.

An alternative notice requiring the lessee to perform the covenant of the lease for payment of rent within three days, or to surrender possession, was essential to plaintiff's cause of action. (*Opera House Association* v. *Bert,* 52 Cal. 472; *Martin* v. *Splivalo,* 56 Cal. 130; Code Civ. Proc., sec. 1161, subds. 2, 3.) Such notice not

having been given, the plaintiff should have been non-suited. (*King* v. *Connolly*, 51 Cal. 181; *Gage* v. *Bates*, 40 Cal. 384; *Cheney* v. *Newberry*, 67 Cal. 125.) The acceptance of the rent after the notice of forfeiture, even though the three days' notice had been given, operated a waiver of the forfeiture. (Code Civ. Proc., sec. 1161, subd. 3; *Belboc* v. *Davis*, 38 Cal. 250; *McCormick's Adm'rs* v. *Rossi*, 70 Cal. 474; 2 Story's Eq. Jur., sec. 1319; Civ. Code, 3275.)

*Eli R. Chase*, for Respondent.

The action is brought under the first subdivision of section 1161 of the Code of Civil Procedure, and not under the second or third subdivision.

PATERSON, J.—This is an action of unlawful detainer. On October 5, 1887, the defendant leased from the plaintiff certain premises in Contra Costa County for the term of one year, at a rental of one hundred dollars per month, payable on the fifth day of each and every month. The lease contains the following provision: "Should default be made in the payment of any portion of said rent when due, and for three days thereafter, the said lessor, his agent or attorney, may re-enter and take possession of said premises, and at his option terminate said lease." It is alleged and found that the defendant went into possession of the property under the terms of the lease; that on the 5th of June, 1888, there became due from defendant to plaintiff the sum of one hundred dollars rent; that it was not then paid, nor for three days thereafter, and on the 9th of June following plaintiff exercised the option given him by the terms of the lease, and notified the defendant in writing that he terminated the lease, and on the same day gave defendant a further notice in writing that in consequence of the termination of the lease defendant was required to surrender to plaintiff the possession of the property within three days after

service of the notice; that after the lease had been terminated by plaintiff, and notice to quit served upon her, defendant paid to plaintiff the sum of one hundred dollars, which was received by plaintiff as rent from the 5th of May to the 5th of June, 1888. Judgment was entered in favor of the plaintiff for the recovery and possession of the premises.

It is claimed by appellant that the acceptance by the plaintiff of the rent, after the notice of forfeiture itself, operated a waiver of the forfeiture.

It is true, forfeitures are not favored,—equity abhors them,—and our code provides that the party who incurs a loss in the nature of a forfeiture may, upon making full compensation to the other party, except in cases of negligence or fraud, be relieved therefrom (Civ. Code, sec. 327); but to make the acceptance of rent a waiver of a forfeiture in a case where the lease provides for re-entry in the event of a breach of the obligation, it must appear that the landlord had knowledge of the fact that the condition was broken at the time he accepted the rent, and it must further appear that the rent which he accepted became due after the breach was committed by the tenant. (*Jackson* v. *Allen*, 3 Cow. 220; *Keeler* v. *Davis*, 5 Duer, 507.)

More than three days elapsed after the notices above referred to were given before the commencement of this action, and it is claimed by respondent that because of this fact, and the further fact that the defendant neglected and refused to surrender possession to the plaintiff, he is entitled to recover in this summary action, under the provision of subdivision 1 of section 1161 of the Code of Civil Procedure, which reads as follows: "A tenant of real property, for a term less than life, is guilty of unlawful detainer,—1. When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the

successor in estate of his landlord, if any there be; but in case of a tenancy at will, it must first be terminated by notice, as prescribed in the Civil Code." Unless he can recover under the provisions of this subdivision of the section, he cannot recover at all herein, because it is not claimed that the three days' notice provided for by subdivision 2, requiring payment of rent after default in the payment thereof, or the three days' notice required by subdivision 3 of the section, was given to defendant.

The position of respondent, as stated in his own language, is, " that this action was brought for the recovery of the possession of the leased premises the same as though the lease, by its own terms, and without any forfeiture, ended on the fifth day of June, 1888. . . . . The parties by their lease have solemnly stipulated . . . . that at the option of the lessor it shall terminate at any time upon the failure of the lessee to pay the rent when due, or within three days thereafter. . . . . Our contention is, by the terms of the lease and the exercise of the option therein granted to the lessor, that the lease was terminated and ended on the ninth day of June, 1888."

The provisions of subdivision 1, *supra,* were taken literally from the statutes of New York, and if we are to accept the construction placed upon them by the courts of New York at the time they were adopted in this state, the contention of the respondent cannot be sustained. In *Oakley* v. *Schoonmaker,* 15 Wend. 228, it was held that "the expiration of the term for which it is let to him," mentioned in the statute, means expiration by lapse of time,—that is, the term named in the lease; that summary proceedings could not be instituted on the ground of the expiration of the term by forfeiture. This decision was cited and approved in *Beach* v. *Nixon,* 9 N. Y. 37. Mr. Taylor, in his Landlord and Tenant, speaking of summary proceedings, says: " These statutes are confined to the particular cases specified in them, the expiration of the term referred to meaning only an

expiration by lapse of time, as specified in the lease, and not by a technical forfeiture; in which latter case a landlord cannot proceed under this statute, but must still resort to his action of ejectment." In some states it is provided that landlords are entitled to the benefit of summary proceedings "where the lease is determined by forfeiture, for breach of its provisions." (Taylor's Landlord and Tenant, sec. 728 a.) In this state summary process will lie upon the breach of any covenant or condition of the lease, and a demand for possession, but the three days' notice required by subdivisions 2 and 3 must be given.

We presume that subdivision 1, *supra*, was enacted in this state with an understanding of the construction which had been placed upon it in the state from which it was taken. Giving it this construction, and the plaintiff having failed to prove the notice required by the statute, we must hold that he was not entitled to recover possession of the property.

Judgment and order reversed, and cause remanded for a new trial.

Fox, J., and Beatty, C. J., concurred.