[Civ. No. 761.   Second Appellate District.—October 23, 1909.]

## W. F. LAY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

ARREST IN CIVIL ACTION—INSUFFICIENT AFFIDAVIT—INFORMATION AND BELIEF—BASIS NOT STATED—WANT OF JURISDICTION—CERTIORARI.— An affidavit for arrest in a civil action which states the facts upon mere information and belief, without stating the facts upon which the affiant bases his information and belief, is insufficient to give the court jurisdiction to order the arrest of the defendant; and when the court has refused to vacate the order upon motion, *certiorari* will lie to annul the order.

ID.—WARRANT NOT ISSUABLE UPON HEARSAY.—A warrant of arrest cannot be issued upon hearsay nor upon any statement, however positive, founded upon hearsay.

ID.—AFFIDAVIT OF DEFENDANT UPON SECOND MOTION TO VACATE ORDER— JURISDICTION NOT AFFECTED RETROACTIVELY.—Conceding that an affidavit made by the defendant upon a second motion to vacate the order supplied defects in the original affidavit, it could not have effect retroactively to confer jurisdiction to make the order of arrest where such power was wanting at the time of making it.

ID.—LIMIT OF JURISDICTION OF SPECIAL PROCEEDING—STATUTORY TERMS AND CONDITIONS OF AUTHORITY.—Since special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized.

ID.—POWER OF COURT IN ORDERING ARREST, LIMIT OF.—The power of the court in ordering an arrest in a civil action, under section 481 of the Code of Civil Procedure, was limited to the facts and conditions which were made to appear to the judge by the affidavit pursuant to which the order was made, not to the fact that at some subsequent stage of the proceedings facts would be established justifying its action.

APPLICATION for writ of review to annul an order of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Henry K. Norton, for Petitioner.

Chas. S. McKelvey, for Respondent.

THE COURT.—This is an original proceeding in *certiorari* to vacate and annul an order made by the superior court of Los Angeles county for the arrest of petitioner in a civil action.

The complaint is not before us. It appears, however, from the affidavit that on May 7, 1909, an action was commenced in the superior court of Los Angeles county against petitioner, wherein plaintiffs therein sought to obtain a money judgment against him. Upon the filing of the complaint therein, the court, upon an affidavit made and filed by one of the plaintiffs in the action, made an order for the arrest of defendant, who, pursuant to said order, was placed under arrest by the sheriff of San Diego county. Thereafter petitioner moved the court to annul and vacate the order of arrest, upon the ground that the averments in the affidavit upon which the order of arrest was based were insufficient to warrant the making of the order, in that they failed to comply with the provisions of section 481, Code of Civil Procedure.

The court denied the motion. The purpose of this proceeding is to have this ruling of the court reviewed.

Conceding the case to be one of those specified in section 479, Code of Civil Procedure, the question is whether the facts as stated in the affidavit were sufficient to give the court jurisdiction to make the order. Section 481, Code of Civil Procedure, provides that, "the affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded." As averred in the affidavit, the facts necessary to bring the case within the provisions of section 479 are all stated upon information and belief of the affiant; but the affidavit is wholly wanting in stating, or even attempting to state, the facts upon which such alleged information and belief is founded. In discussing a like question, the supreme court in *Ex parte Fkumoto,* 120 Cal. 316, [52 Pac. 726], says: "There is another fatal defect common to the entire affidavit. Several of the statements of fact are made expressly upon information and belief, while many others, although not so stated in terms, are of a character which could in their nature only have been so made, whereas the facts upon which such information and belief are founded are in no instance given. In this the

affidavit fails to comply with one of the express and most material requirements of the statute.'' The affidavit does not state the facts upon which affiant bases his information and belief, and ''the warrant cannot be issued upon hearsay, nor upon any statement, however positive, founded upon hearsay.'' (*Proctor* v. *Prout,* 17 Mich. 475; *Neves* v. *Costa,* 5 Cal. App. 111, [89 Pac. 860].)

It appears that defendant (petitioner here) thereafter prosecuted another motion filed at the same time as the first, which last motion was based upon the affidavit of defendant, and which the court also denied. Respondent contends that, admitting the insufficiency of the affidavit upon which the order of arrest was made, the evidence adduced upon the hearing of this second motion established facts sufficient to justify the making of the order. This evidence, other than the affidavit of defendant, is not before us. Conceding, however, all that respondent claims therefor, such facts thus established could not have a retroactive effect in conferring jurisdiction to make the order where such power was wanting at the time of making it. ''Jurisdiction of special proceedings is conferred by the constitution upon the superior court; but inasmuch as special proceedings are only such as are created and authorized by statute, the court, in the exercise of that jurisdiction, is limited by the terms and conditions under which the proceedings were authorized.'' (*Smith* v. *Westerfield,* 88 Cal. 374, [26 Pac. 206]; *Bates* v. *Gage,* 40 Cal. 183.) So here the power of the court under the provisions of section 481, Code of Civil Procedure, was limited to the facts and conditions which were made to appear to the judge by the affidavit pursuant to which the order was made, not to the fact that at some subsequent stage of the proceedings facts would be established justifying his action.

The affidavit upon which the order of arrest was made being insufficient in the particulars noted, it follows that the court had no jurisdiction to make the order, and the same is, therefore, vacated and annulled.