[Civ. No. 10390. First Appellate District, Division Two.—December 31, 1936.]

WOODS–DRURY, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Rogers, Clarke & O'Brien, Webster V. Clark and John A. O'Kane for Petitioner.

Pillsbury, Madison & Sutro, Felix T. Smith, John A. Sutro and Charles F. Prael for Respondent.

STURTEVANT, J.—This is an application for a writ of prohibition restraining the trial judge from signing findings of fact and entering judgments in certain unlawful detainer proceedings.

James Otis, as trustee of the A. C. Whitcomb Estate, leased to Woods-Drury the Hotel Whitcomb for a period of years. The rental reserved rested on a percentage basis. By its terms the lease required that the lessee should keep certain books of account and render periodical reports. Commencing some time in the early part of 1935 disagreements arose between the parties regarding the keeping of the accounts, rendition of reports, and the payment of rent in accordance therewith.

On August 31, 1935, the lessor commenced an action in unlawful detainer, claiming that the lessee had breached

the lease in failing to keep the said accounts and make correct reports. The lessee was served, appeared, and a battle on pleadings followed. Finally, an answer was filed and a trial was had. The court has directed counsel to prepare findings in favor of the defendant lessee.

Paragraph VIII of the lease contained a provision that as of the date ending February 1st of any year if the total payments of the said percentages of earnings for the year preceding was less than $50,000, the lessor could terminate the lease provided, however, that the lessee should have the right to pay to lessor within twenty days next and following the termination of the year in which said rental was below $50,000, the difference between the amount of rent received and said heretofore mentioned sum, and said lease then should remain in full force and effect.

On January 31, 1936, the lessor commenced an unlawful detainer action, number 263,805, against the lessee, basing it on the nonpayment of the alleged deficit $33,626.99 necessary to make up a total rental of $50,000 for the year February, 1934, to January, 1935. The lessee answered, a trial was had, and the trial court has ordered findings prepared in favor of the lessor.

On February 26, 1936, the lessor commenced an unlawful detainer action, number 264,383, against the lessee, basing it on the nonpayment of the alleged deficit $29,574.93 necessary to make up a total rental of $50,000 for the year February, 1935, to January, 1936. The lessee answered, a trial was had, and the trial court has ordered findings prepared in favor of the lessor in that action also.

In this proceeding the petitioner contends that when the lessor commenced the first action above mentioned he exhausted the jurisdiction of the trial court in unlawful detainer as to all matters until the judgment in that action should have become final. That is, it contends that in the first action the trial court had jurisdiction to award to the plaintiff complete relief down to the entry of judgment (Code Civ. Proc., sec. 1174); and, if an appeal were taken that under the terms of the appeal bond prescribed by statute (Code Civ. Proc., sec. 945) the lessor would, in an action on the bond, be entitled to recover all relief to which he was entitled subsequent to judgment and prior to delivery to the lessor of the property. In that connection the lessee

contends our statutes do not authorize the lessor to commence, nor the trial court to entertain, any other unlawful detainer actions during said period and that therefore all proceedings had in actions 263,805 and 264,383 are and were in excess of jurisdiction. In the presentation of the point much has been said of election of remedies, pleas in abatement, and other matters of pleadings, practice and procedure. But it is clear the petitioner's basic contention is that the trial court has exceeded its jurisdiction and the other matters are but incidents in the presentation of that basic contention. The point is, of course, solely one of statutory construction, and primarily it is limited to a construction of our Unlawful Detainer Act.

Chapter IV, title III, part III, of the Code of Civil Procedure (secs. 1159–1179a) is commonly referred to as our Unlawful Detainer Act. But it is more than that, it is both an unlawful detainer act and a forcible entry and detainer act. It is broad in its scope. It is available to the lessor who has suffered certain wrongs committed by his lessee and it is available to the lessee who has suffered certain wrongs committed by his lessor. Before taking up its specific provisions, it is necessary to note and bear in mind several fundamental rules of statutory construction, each and all of which are pertinent to the question before us. A proceeding in unlawful detainer was not known' at common law. (Sec. 713, Taylor's Landlord and Tenant; *Estate of Fair*, 132 Cal. 523, 534 [60 Pac. 442, 64 Pac. 1000, 84 Am. St. Rep. 70].) The proceeding is entirely statutory. (15 Cal. Jur. 849; 36 C. J. 616.) ■ Since special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized. (*Lay* v. *Superior Court,* 11 Cal. App. 558, 560 [105 Pac. 775].) ■ Finally, the proceedings authorized by the statute provide for the forfeiture, in certain cases, of valuable rights and such statutes will be construed strictly. (*Iburg* v. *Fitch,* 57 Cal. 189.) ■ In construing the provisions of said act effect must be given to one and all of the foregoing rules. Picking up the statute and reading and comparing all of its provisions, one with the other, it is seen at once that it provides " . . . a special action for the recovery of possession by the landlord, . . . " (*Arnold* v. *Krigbaum,* 169 Cal. 143, 146

[146 Pac. 423, Ann. Cas. 1916D, 370].) Quoting further from the same authority on the same page, "In order to provide for the collection of the rent in the same action, it provides that the court shall give judgment for the rent found due, which means the rent which accrued before the forfeiture. This, however, is a mere incident to the main object—the recovery of possession." If the judgment is for the plaintiff the statute authorizes the court to give judgment for the rent as such and for damages in such sum as will wholly protect the lessor down to the date of the judgment. (Code Civ. Proc., sec. 1174; 15 Cal. Jur. 877, 878.) If an appeal is taken the bond on appeal must be so framed as to protect the lessor for rents accruing after the entry of the judgment until the delivery of possession by the lessee. (Code Civ. Proc., sec. 945.) In other words, the statute is self-sufficient to wholly protect the lessor. But, in that behalf, one searches in vain to find any express provisions that the lessor, after commencing one action, may file unlawful detainer actions one after the other, before the first one has been heard and determined. As the statute is highly penal in its terms, it is manifest that no such language will be read into it as by construction. The reasoning in *Schubert* v. *Lowe*, 193 Cal. 291 [223 Pac. 550], is particularly helpful. In that case the respondent contended that he had the right to file a cross-complaint in an action for unlawful detainer. The Supreme Court held otherwise. In doing so, at page 295, the court said: "In so far as that chapter deals with matters of practice, its provisions supersede the rules of practice contained in other portions of the code. (Secs. 1165 and 1177, Code Civ. Proc.) The chapter above mentioned prescribes the showing which must be made in a complaint in unlawful detainer and then makes provision for pleadings on the part of the defendant. It provides: 'On or before the day fixed for his appearance, the defendant may appear and answer or demur.' (Sec. 1170, Code Civ. Proc.) The section limits the defendant to an answer or demurrer. Obviously, therefore, a cross-complaint is inadmissible in an action in unlawful detainer." The same ruling was made in *Knight* v. *Black*, 19 Cal. App. 518 [126 Pac. 512]. Commencing on page 527 the court said: "The California cases here cited upon the subject of a counterclaim or cross-complaint in unlawful detainer actions, in each instance rest

the decision upon the mere statement of the rule in this behalf without pretending to give the reason for its creation and application. The reason, however, is obviously to be found in the fact that the unlawful detainer act was intended to provide a summary remedy for the restitution of the possession of premises withheld by tenants in violation of the covenants of their lease, which remedy would be frustrated and rendered wholly inadequate by the interposition of the defenses usually permitted in ordinary cases at law. (*Phillips* v. *Lodge,* 8 Wash. 529 [36 Pac. 476].)''

The respondent cites and relies on Code of Civil Procedure, section 1047, which provides: ''Successive actions may be maintained upon the same contract or transaction, whenever, after the former action, a new cause of action arises therefrom.'' Nothing which we have said is intended to be in conflict with that language. After the judgment in the first action mentioned above has become final or the action dismissed, it is perfectly clear that he will be entitled to give proper notices, and file a complaint setting forth the facts that ''a new cause of action'' has arisen. He also cites *Watkins* v. *McCartney,* 70 Cal. App. 137 [232 Pac. 982], and *Agar* v. *Winslow,* 123 Cal. 587 [56 Pac. 422, 69 Am. St. Rep. 84]. In *Watkins* v. *McCartney, supra,* the following facts were involved. The plaintiff leased to the defendant, Mrs. McCartney, a lot and building in Los Angeles. On June 2, 1922, the rent had not been paid, March 1, 1921, to May 1, 1922, both dates inclusive. The plaintiff served a three-day notice to pay rent or quit. The notice was ignored and the action was commenced. The trial court gave judgment in favor of the plaintiff for all of the rent alleged as not paid. The issue presented on the lessee's default depended on payment or nonpayment. All that was said on the duty to tender was *dictum.* If more was meant it was not sound law as will hereinafter appear. In the case of *Agar* v. *Winslow, supra,* the plaintiff executed to the defendant a lease. Later he sued in ejectment. That suit was pending but not tried when the plaintiff commenced an action in unlawful detainer. Held, the complaint in ejectment did not state facts sufficient to show a cause of action in ejectment but showed affirmatively no such cause of action existed. Held further, that as the plaintiff had no real remedy in ejectment he was not bound under the

doctrine of election but could maintain his action in unlawful detainer. Respondent also cites *Proctor* v. *Moran,* 213 Mass. 405 [100 N. E. 672]. On a casual reading it is in his favor. However, when the statutes of Massachusetts on which it rests are examined it will be seen at once that the case is not helpful in this state. The petitioner cites *McLain* v. *Nurnberg,* 16 N. D. 144 [112 N. W. 243]. It was decided by the Supreme Court of North Dakota. The case is, we think, controlling in the instant case. True, the point was presented by a plea in abatement and the ruling was made on appeal. But the conclusion of the court was based on the fact that the North Dakota statute did not expressly provide for the institution of the second action and that no such right, in view of the other provisions contained in its statutes, was implied. Applying that conclusion to the case in hand, it determines the question before us. As stated above, the proceeding is purely statutory. If the statute did not give the trial court power to entertain the actions 263,805 and 264,383, then it acted in excess of its jurisdiction and this application should be granted.

Much has been said in the briefs and in argument attacking the tenders of rent made by the lessee. There are two answers. In the first place a tender or no tender of rent did not throw light on the principal issue before us—jurisdiction or no jurisdiction. In the second place, after the statutory notice (assuming that the first notice served August 31, 1935, was a statutory notice), the tenant was thereby advised that the lessor had elected to terminate the lease as of that date and to accept such damages as might be awarded him in full satisfaction of his claims; that he would not thereafter treat the lessee as such; and from the date of said notice he would treat the lessee as a trespasser. In that connection it is presumed that both parties knew the rule of law to the effect that if the rent had been tendered to and accepted by the lessor such act would have constituted a waiver by the lessor of all prior breaches. (*Kern Sunset Oil Co.* v. *Good Roads Oil Co.,* 214 Cal. 435, 445 [6 Pac. (2d) 71, 80 A. L. R. 453].) The tenant might well assume that the landlord would not accept as rent that which he could recover in the action then pending if such acceptance would constitute a waiver. Moreover, the legal effect of the notice given to the lessee was to inform it that the lessor had elected

to treat the lease as terminated to the same effect as though the lessor had said so in so many words. In 62 C. J. 657, the author says: "A formal tender is unnecessary if the party to whom performance is due be absent from the place of performance, in those cases where his presence is necessary; nor is a formal tender necessary if, at the time for performance, the party to whom performance is due fails or refuses to perform on his part, unless a request which he has no right to make is complied with, or if he is unable to perform, or does or suffers anything to be done with the thing to be delivered by him which renders certain a failure of performance on his part when the day arrives. Similarly, a tender is waived where the tenderee makes any declaration which amounts to a repudiation of the contract, or takes any position which would render a tender, so long as the position taken by him is maintained, a vain and idle ceremony, . . . " In this state those rules are statutory. (Civ. Code, secs. 1440, 1511 and 3532.) The rule stated in Corpus Juris has been followed in nearly all of the states, including this state. Furthermore, it has been expressly applied in an action between landlord and tenant involving the validity of a lease. *Lewis* v. *Fowler,* 80 Cal. App. 717 [252 Pac. 786], was an action brought by one claiming to be a tenant to compel the landlord to admit him into possession. On page 723 the court said: "It is neither alleged nor found that the plaintiffs tendered payment of the first month's rental of $200 upon demanding possession, but the court found that the defendants, prior to such demand, had repudiated the contract of lease by declaring it 'terminated and the rights of the plaintiffs thereunder forfeited'. Such repudiation excused the plaintiffs from making a formal tender of the first month's rent. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610].)" Finally, before ending our discussion of the point involving tender it may be added that the record discloses the tender of many thousand dollars, that the tenders were not accepted, and that the moneys were promptly deposited in the name of the lessor with a bank of deposit in this state, that said bank is of good repute, and that notice of the deposit was promptly given to said lessor.

To avoid the charge that he had waived his rights in the earlier suit by bringing the later suits the lessor in each of the subsequent notices inserted certain nonwaiver clauses.

This he had no right to do. The statute does not so provide. If he would base any right on the statute he was bound to follow the statute as it is written. He was not entitled to read into it rights not contained therein nor was he entitled to omit material passages that were contained in the statute.

The point is made that the petitioner has a plain, speedy, and adequate remedy at law—it may move for a new trial, it may apply to the trial court for relief under section 1179 of the Code of Civil Procedure, and it may appeal. The petitioner concedes those several propositions, but asserts that no one is either a speedy or adequate remedy. We think that assertion is borne out by the facts and should be applied in this case. As to the motion for a new trial it is sufficient to state that the record discloses the trial court gave to both parties a full and complete hearing and was very patient at all times. But it also discloses that the trial court does not agree with defendant's contentions. As to applying to the trial court for relief under section 1179 of the Code of Civil Procedure it is patent that the trial court may grant or refuse relief. As to taking an appeal it is discretionary with the trial court whether a stay should be granted or refused. (Code Civ. Proc., sec. 1176.) Even if the trial court granted a stay it would be in duty bound to require a statutory bond. As there are two of the actions of which the petitioner complains, two bonds would be necessary. Mr. Otis has stated that the rental value of the property is $300 a day or $109,500 a year. As shown above, according to the terms of the lease both parties assumed the rental value to be not less than $50,000 a year. It is patent that to furnish said bonds would be an enormous burden if not prohibitory. In *Havemeyer* v. *Superior Court,* 84 Cal. 327, 397 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627], the court said: "The statute does not say that the writ will not issue in any case where there is an appeal. There must not only be a right of appeal, but the appeal must furnish an adequate remedy, in order to prevent the issuance of the writ. A number of cases have been decided in this court in which writs of prohibition have been refused because there was a right of appeal, but in all of those cases the appeal afforded a complete and adequate remedy for the

threatened excess of jurisdiction.'' We think that is applicable in the instant case.

Let a peremptory writ of prohibition issue restraining the said Superior Court of the State of California, in and for the City and County of San Francisco, its officers and agents, and all persons acting by and through its orders, from taking any further steps or proceedings in connection with or based upon the allegations or prayers of the complaints of the said James Otis, as such trustee, in the above-mentioned actions numbers 263,805 and 264,383, now pending in said superior court, except to dismiss the same.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.