[Civ. No. 7842. Third Dist. Mar. 19, 1951.]

GUY A. McCARTY et al., Respondents, v. A. RASO, Appellant.

Alvin Gerlack and Landram & Silveira for Appellant.

C. Ray Robinson, W. Eugene Craven, James A. Cobey and Margaret A. Flynn for Respondents.

PEEK, J.—This is an appeal by defendant from a judgment declaring a forfeiture of a lease and ordering restitution of

the premises to the respondent plaintiffs, and from the order denying defendant's motion for judgment notwithstanding the verdict.

The settled statement upon which the cause is presented states that the sufficiency of the evidence to sustain the material allegations of plaintiffs' complaint is not questioned. Defendant's sole contention is that plaintiffs are precluded from maintaining their action for unlawful detainer under section 1161(3) of the Code of Civil Procedure, since the lease did not expressly provide for reentry or forfeiture for his alleged breach of the covenants and conditions thereof relative to the manner in which he farmed the premises.

The pertinent portions of the section above mentioned provide that a tenant of real property is guilty of unlawful detainer when he continues in possession after "a neglect or failure to perform other conditions or covenants of the lease or agreement under which the property is held," and he has failed to perform following service upon him of the three-day notice as therein provided.

While the remedy here in question exists solely by virtue of the statute, and the statute is to be construed (*Woods-Drury, Inc.* v. *Superior Court*, 18 Cal.App.2d 340 [63 P.2d 1184]), still it has long been the established rule in this state that an action for unlawful detainer will lie for the breach of "any covenant or condition of the lease" (*Silva* v. *Campbell*, 84 Cal. 420 [24 P. 316]) upon the giving of the notice provided for in said statute. (See, also, *Kelly* v. *Teague*, 63 Cal. 68; *Knight* v. *Black*, 19 Cal.App. 518 [126 P. 512].)

The cases cited by appellant in support of his contention are not in point since each involved situations where there was either a failure to give proper notice or a failure to prove the breach of a condition or covenant contained in the lease. Both of those elements are conceded in the settled statement upon which this appeal is presented. Lastly it should be noted that defendant has asserted no equitable defense.

The judgment and order are affirmed.

Adams, P. J., and Van Dyke, J., concurred.