[Civ. No. 56401. Second Dist., Div. One. Nov. 13, 1979.]

ANTHONY DE LA VARA et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES
JUDICIAL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
MINORU HORI, Real Party in Interest and Appellant.

COUNSEL

Michael E. Wine and Robert M. Myers for Real Party in Interest and Appellant.

Steven J. Haber for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

OPINION

LILLIE, Acting P. J.—After the municipal court sustained general demurrer by Minoru Hori to the unlawful detainer complaint of Anthony and Connie De La Vara, the De La Varas petitioned the superior court for a writ of mandate compelling the municipal court to vacate the order and overrule the demurrer. Hori appeals from judgment granting the petition.

Hori frames the sole issue on appeal: "May a landlord state a cause of action in unlawful detainer for non-payment of rent without first alleging his performance of all conditions precedent required of him, including fulfillment of his implied warranty of habitability?"

Thus, with the exception of Hori's claim that the complaint fails to state a cause of action because of plaintiffs' failure to allege fulfillment of the landlord's implied warranty of habitability, it is conceded in the posture of the case before us, that the allegations of the complaint are sufficient in all respects. ▮ For the reasons hereinafter stated, we conclude that such implied warranty of habitability is not a matter which plaintiffs landlords are compelled to plead in order to state facts sufficient to constitute a cause of action for unlawful detainer and concomitantly, that the superior court properly determined that Hori's demurrer be overruled.

▮ In California, the remedy of unlawful detainer is a summary proceeding provided by statute (Code Civ. Proc., § 1161 et seq.). The unlawful detainer statutes were enacted to provide an adequate expeditious and summary procedure for regaining possession of real property wrongfully withheld by a tenant. (*Childs* v. *Eltinge,* 29 Cal.App.3d 843, 853 [105 Cal.Rptr. 864].) Thus, inasmuch as the remedy of unlawful detainer is purely statutory in nature, the party seeking it must bring himself clearly within the statute. (*Baugh* v. *Consumers Associates, Ltd.,* 241 Cal.App.2d 672, 674 [50 Cal.Rptr. 822].)

▮ One of the statutory situations in which the remedy of unlawful detainer is available, and that which is present herein, is set up in section 1161, subdivision 2, "When [a tenant] continues in possession...without the permission of his landlord...after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him...."[1]

The statutory requirements of a complaint in unlawful detainer are set forth in section 1166; "The plaintiff, in his complaint, which shall be verified, must set forth the facts on which he seeks to recover, and describe the premises with reasonable certainty, and may set forth therein

---

[1] In subdivisions 1, 3, 4, and 5, section 1161 sets forth situations other than nonpayment of rent wherein the remedy is available. The complaint herein is predicated upon nonpayment of rent.

any circumstances of fraud, force, or violence which may have accompanied the alleged forcible entry or forcible or unlawful detainer, and claim damages therefor. In case the unlawful detainer charged is after default in the payment of rent, the complaint must state the amount of such rent. Upon filing the complaint, a summons must be issued thereon."

In effect appellant concedes that the complaint herein alleges all matters required by sections 1161 and 1166; however, relying on *Green* v. *Superior Court,* 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], he asserts that the complaint was fatally defective for failure of plaintiffs to allege that they fulfilled the implied warranty of habitability.

*Green* v. *Superior Court, supra,* 10 Cal.3d 616, holds that breach of implied warranty of habitability in residential leases "may be raised as a *defense* in an unlawful detainer action." (Italics added; p. 619.) The court also noted that "absolutely nothing in the statutory provisions governing unlawful detainer proceedings prohibits the assertion of any *defense.*" (Italics added;[2] p. 632.) Thus under *Green,* a tenant may assert the habitability warranty as a defense in an unlawful detainer action. The plaintiff, of course, is not required to plead negative facts to anticipate a defense. (*Jaffe* v. *Stone,* 18 Cal.2d 146, 158-159 [114 P.2d 335, 135 A.L.R. 775]; *Bradley* v. *Hartford Acc. & Indem. Co.,* 30 Cal. App.3d 818, 825 [106 Cal.Rptr 718].)

Appellant argues that the trend in recent law, as evidenced in *Green* and other decisions, is to use a contract-oriented approach to analyzing lease provisions, as distinguished from the traditional property-oriented approach and, utilizing a contract approach, argues that the implied warranty of habitability should be a condition of performance by the landlord thus, as in contract actions, the landlord should be required in an unlawful detainer action to plead performance of such warranty as a condition precedent.

Among other things, even utilizing the contract-oriented approach to analysis of leases (for example, as to implied warranties), appellant's

---

[2]Commentary on *Green* is that the Supreme Court held that a breach of warranty of habitability implied in law in rental leases "could be asserted by the tenant as an affirmative defense to an unlawful detainer action." (*The Great Green Hope: The Implied Warranty of Habitability in Practice* (1976) 28 Stan.L.Rev. 729, 730.) That commentary also stated that in *Green,* the Supreme Court followed the lead of other jurisdictions recognizing the breach of implied warranty of habitability as a "defense' in summary eviction actions.

argument overlooks the fact that *Green* dealt with the substantive law of landlord-tenant, holding that the tenant may assert such warranty as a defense. Moreover, unlawful detainer is a statutory action (Code Civ. Proc., §1161 et seq.) and the requirements for a complaint are expressly set forth in the statute (Code Civ. Proc., § 1166). The court in *Green* took cognizance of that procedure by noting that the statutory provisions (while setting forth the requirements of a complaint) contained no provisions prohibiting assertion of any defense (10 Cal.3d at p. 632). *Green* does not hold that the plaintiff in an unlawful detainer action must plead anticipation of a tenant's defense.

In his reply brief, appellant asserts further, using a contract approach, that the phrase, "must set forth the facts on which he seeks to recover," in section 1166, requires that the landlord plead fulfillment of the implied warranty of habitability as a condition precedent. Pertinent is the apt comment appearing in 3 Witkin, California Procedure (2d ed. 1971) Pleading, section 510, page 2166: "In actions by a landlord against a tenant this [phrase] means the facts constituting one of the five types of unlawful detainer specified in C.C.P. 1161, and the statute clearly indicates the matters which must be pleaded and proved."[3]

The complaint herein contains all allegations required by the statute. The superior court did not err in directing the municipal court to overrule the demurrer.

The judgment is affirmed.

Hanson, J., and Rothman, J.,* concurred.

A petition for a rehearing was denied December 13, 1979, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1980. Bird, C. J., was of the opinion that the petition should be granted.

---

[3]Section 1161 sets forth in five subparagraphs the situations in which the remedy of unlawful detainer applies; it is on subdivision 2 (nonpayment of rent) that the complaint herein is predicated.

*Assigned by the Chairperson of the Judicial Council.