[Civ. No. 50936. First Dist., Div. One. Mar. 17, 1982.]

ALBERT Y. K. KWOK, Plaintiff and Respondent, v.
SCOT BERGREN et al., Defendants and Appellants.

**COUNSEL**

James R. Morgan for Defendants and Appellants.

Bill Leung, Lew & Fong and Karen N. Kai for Plaintiff and Respondent.

**OPINION**

**LEVINS, J.***—Respondent Albert Y. K. Kwok brought an action for unlawful detainer against appellants Scot Bergren and Cindy Sapp, and other defendants, for unpaid rent, restitution of the leased premises, for-

---

*Assigned by the Chairperson of the Judicial Council.

feiture of the lease, attorney fees and costs. Appellants filed timely answers. After a nonjury trial, judgment was entered in favor of respondent on June 5, 1980, and amended on June 13, 1980. Notice of appeal was timely filed after motions for stay of execution were denied.

On July 10, 1972, respondent as lessor executed a written commercial lease with Paul C. DeBernardis as lessee, and with respondent believing Scot Bergren to be a partner and lessee from the inception. Paragraph 27 of said lease allowed assignment and subletting with lessor's written consent. Bergren, Paul C. and Nancy DeBernardis entered into a written assignment of the lease to Bergren on July 23, 1976, and respondent was aware of this assignment but never substituted Paul DeBernardis out of the lease. Subsequently, Bergren subleased to appellant Sapp and Martin Davis and respondent recognized Bergren as the "rent tenant," the person who was responsible for rent payments. Bergren instructed Davis to pay the rent obligation to respondent directly, which Davis did during the first three days of each month thereafter. In April 1979 Bergren was told by Davis that he had made the April rent payment, but it was not until this lawsuit was filed that Bergren discovered Davis' poor financial condition, his recent heart attack and his wife's being stricken with multiple sclerosis. Bergren caused Davis to move from the premises and attempted to pay the rent to respondent. Respondent asserted that appellants and other defendants had been served with a proper three-day notice to pay rent or quit under Code of Civil Procedure section 1162 and refused the April rent.

On April 2, 1979, about noon, one of the attorneys for respondent showed a copy of the three-day notice to pay $1,650 April rent or quit to one Steve Tully, whom he thought to be managing the leased premises. The notice was addressed to "Paul C. DeBernardis, Nancy DeBernardis, Scot Bergren, Bergren Partnership, Martin Davis, John Doe Neal, Cindy Sapp, individually, and doing business as 'Machine Shop,' . . . and all other tenants in possession."

Thereafter, an attorney for respondent mailed a single copy of the notice to the address, believing that the persons listed in the notice were either tenants or subtenants occupying the premises. Neither appellant received any such notice until served with the complaint herein, which complaint contained the notice as an exhibit. No evidence was produced at trial that Steve Tully was a manager of the premises or that he was known to either appellant or any other defendant herein.

Respondent's complaint alleges in paragraph X thereof that "plaintiff made demand in accordance with 1162 Code of Civil Procedure of said defendants for, and required the payment of said rent then due amounting to $1,650.00 or for possession of said demised premises, . . ." Each appellant in his or her verified answer alleged that plaintiff never served any three-day notice on him or her.

*Issue*

■ Whether there was evidence before the trial court to support its finding that appellants were properly served with the three-day notice to pay rent or quit.

The signatories to the lease were Albert Y. K. Kwok and Paul C. DeBernardis. No novation thereof took place since there was no substitution of a new obligation for an existing one. (Civ. Code, §§ 1530, 1531.) Respondent, prior to the default in the April 1979 rent payment, recognized appellants, along with others, as "tenants in possession." Code of Civil Procedure section 1161, subdivision 2, in fact, recognizes that a tenant of real property is guilty of unlawful detainer when he continues in possession, in person or by subtenant, without permission of his landlord, after default in the payment of rent, pursuant to the lease, and three days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him and if there is a subtenant in actual occupation of the premises, also upon such subtenant.

"An unlawful detainer action is not based upon contract . . .; it is a statutory proceeding and is governed solely by the provisions of the statute creating it." (*Fifth & Broadway Partnership* v. *Kimny, Inc.* (1980) 102 Cal.App.3d 195, 200 [162 Cal.Rptr. 271, 7 A.L.R.4th 580], and citations thereon; see also *Bank of America* v. *Button* (1937) 23 Cal.App.2d 651, 652 [74 P.2d 81]; *Woods-Drury, Inc.* v. *Superior Court* (1936) 18 Cal.App.2d 340, 344 [63 P.2d 1184].) As special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized (*Lay* v. *Superior Court* (1909) 11 Cal. App. 558, 560 [105 P. 775]), and a lessor's action to recover possession of real property is not one for unlawful detainer where he does not com-

ply with the statutory notice requirements (*Lawrence Barker, Inc.* v. *Briggs* (1952) 39 Cal.2d 654, 661 [248 P.2d 897]). The statutory procedure must be strictly followed. (See *Vasey* v. *California Dance Co.* (1977) 70 Cal.App.3d 742, 746 [139 Cal.Rptr. 72]; *Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 450 [124 Cal.Rptr. 139]; *Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 852-853 [105 Cal.Rptr. 864]; *Union Oil Co.* v. *Chandler* (1970) 4 Cal.App.3d 716, 721 [84 Cal.Rptr. 756].)

*Lamey* v. *Masciotra* (1969) 273 Cal.App.2d 709, 713 [78 Cal.Rptr. 344], states that "Under California statutory law a tenant is entitled to a three-day notice to pay rent or quit which may be enforced by summary legal proceedings (Code Civ. Proc., § 1161) but this notice is valid and enforceable only if the lessor strictly complies with the specifically described notice conditions. (Code Civ. Proc., § 1162.)" (See also *De La Vara* v. *Municipal Court* (1979) 98 Cal.App.3d 638, 640 [159 Cal.Rptr. 648]; *Four Seas Inv. Corp.* v. *Internat'l Hotel Tenants' Assn.* (1978) 81 Cal.App.3d 604, 611 [146 Cal.Rptr. 531]; *Chinese Hosp. Foundation Fund* v. *Patterson* (1969) 1 Cal.App.3d 627, 632 [81 Cal.Rptr. 795]; *University of So. Cal.* v. *Weiss* (1962) 208 Cal.App.2d 759, 764-765 [25 Cal.Rptr. 475].)

Code of Civil Procedure section 1162 provides three methods of serving notices terminating a tenancy: (1) by personal delivery to the tenant, or (2) by substituted service when the tenant is absent from his place of residence and from his usual place of business by leaving a copy with some person of suitable age and discretion at either place and sending a copy by mail addressed to the tenant's residence address, or (3) by substituted service by posting and mailing when the tenant's residence and business addresses cannot be ascertained. Prior to April 1, 1979, respondent recognized appellants as "tenants in possession." The evidence in connection with the service of the notice terminating tenancy herein shows that none of the alternatives set forth in section 1162 was followed. The server did not attempt to, nor did he, properly serve either of the appellants with notice to pay rent or quit the premises. Therefore, there was no evidence before the trial court to support its finding that appellants were properly served with the three-day notice to pay rent or quit.

The judgment of the trial court as to appellants is reversed. The superior court is directed to enter judgment in favor of appellants and upon

application of appellants, fix and award reasonable attorney fees for services in the action under the lease and Civil Code section 1717. Costs on appeal to appellants.

Elkington, Acting P. J., and Newsom, J., concurred.

A petition for a rehearing was denied April 15, 1982, and respondent's petition for a hearing by the Supreme Court was denied June 9, 1982.