### LEWIS THAYER *vs.* ANDREW G. CAREW

An action to recover possession of a tenement, under Gen. Sts. *c.* 137, was commenced on September 29th. The defendant filed a plea in bar setting up a former judgment in his favor in a like action brought against him by the same plaintiff to recover the same tenement on September 22d, and testified in support of it that after the determination of the first action, and before the commencement of the present one, no new notice to quit or other notice was given to him. *Held,* that the plea in bar was not maintained.

HOAR, J. This was an action to recover possession of a tenement under chapter 137 of the General Statutes, commenced on the 29th of September 1866, before a justice of the peace, and carried to the superior court upon the defendant's appeal. It appears by the record that, before the justice, the defendant pleaded not guilty, and also filed a special plea in bar. The case was tried in the superior court upon the same pleadings. What was proved by the plaintiff at the trial does not appear from the bill of exceptions. But it is stated that the defendant made no defence, except under his plea of a former judgment; and his exception is to the ruling of the presiding judge that this plea in bar was not maintained upon the evidence.

The plea in bar sets forth that the plaintiff commenced a similar action to recover possession of the same premises on the 22d of September 1865 ; that judgment was rendered for the defendant therein on the 29th of the same September; and that the plainti   ad not acquired any new right of possession of the premises or cause of action since the former suit was instituted. To support this plea the record and judgment in the former suit were put in evidence, and the defendant testified that after the determination of that suit, and before the commencement of the present action, no new notice to quit, or other notice, was given o him by the plaintiff.

We can have no doubt that this evidence was insufficient to support the plea, and that the ruling, to which exception was taken, was right.

It is argued for the defendant that the former judgment conclusively established the fact that the plaintiff had no right to

the possession of the premises on the 22d of September; and that his testimony that no new notice was given showed, as far as he could be required to prove a negative, that no new right to the possession was afterward acquired. But it is obvious that the judgment which the defendant recovered was not in itself conclusive upon the right of possession when the new suit was instituted. The plaintiff might well have had a right to the possession on the 29th of September, though he had none on the 22d. And the fallacy of supposing that proof that no notice was given after the 22d of September showed that the plaintiff had acquired no new right before the 29th, consists in the assumption which it involves that a new right could not be created without a new notice. There are certainly many ways in which a title which was defective on the 22d might become perfect on the 29th, without any new notice being given. For example ; if the defendant were a tenant at will of the plaintiff, and a notice had been given to terminate the tenancy which required him to quit the possession on the 23d, an action brought on the 22d would be prematurely brought, and must fail, while one commenced on the 29th would be supported. So if he were a tenant under a lease which terminated between those dates, where no notice was required.

The exceptions do not show upon what proved or conceded facts the plaintiff's case rested, and, therefore, fail to show that the defendant's evidence furnished a sufficient defence to meet it.                                                   *Exceptions overruled.*

*G. F. Hoar & G. F. Verry,* for the defendant.

*G. Swan & C. A. Holbrook,* for the plaintiff.