## GEORGE SPRINGALL *vs.* JOHN P. WHITTIER.

In an action on the Gen. Sts. *c.* 137, exceptions to the refusal of the judge to give instruc-
tions requested as to the existence of the relation of landlord and tenant between the
parties cannot be sustained, if they show that, although the judge declined to give the
instructions in the form asked for, yet he stated fully to the jury the different ways by
which said relation could be created and its existence proved, to which statements no
exception was taken.

ACTION under the Gen. Sts. *c.* 137, to recover possession of a shop in Boston.    Writ dated May 18, 1868.

At the trial in the superior court, before *Dewey*, J., the plain-tiff introduced evidence tending to show that he held the shop by a lease under seal from Joseph P. Gardner, dated September 11, 1867, by which he became tenant of a building, of which it was part, for the term of three years from October 1, 1867; that for five years before October 1, 1867, he had been tenant of the building under a lease from Gardner, the term of which ended on said October 1; that on June 1, 1865, he underlet the shop to one Whiting, by a lease under seal, for the term of three years and one month from said June 1; that on June 10, 1865, Whiting, by an instrument under seal, assigned said lease to Chester Ball and Charles F. Hall, who thereupon occupied the premises under said lease until January 7, 1868, when Hall, by an instrument under seal, assigned said lease to one Sanderson, who thereupon occupied the premises under said lease, and continued in the occupation thereof until January 14, 1868, when he by an instrument under seal assigned said lease to the defendant.    By this lease, rent was reserved payable weekly, at the rate of $14.50 for each and every week during

the term, and there was no covenant against reletting. It was admitted that on January 6, 1868, the plaintiff received rent for the week ending on that day, from Hall, who at that date was the owner of said lease; that on January 13 Sanderson, who had become the owner of the lease, tendered rent to the plaintiff under the lease for the week ending on that day; that the plaintiff refused to receive the same or to recognize Sanderson as tenant under the lease; that Sanderson, when he assigned the lease to the defendant, told the defendant that the plaintiff had refused to receive rent from him or to recognize him as tenant under it; and that on January 20 the defendant tendered to the plaintiff rent under the lease for the week ending on that day, and the plaintiff refused to accept the same, or to acknowledge the defendant as tenant under the lease. There was no evidence, except as stated, tending to show that the plaintiff ever afterwards demanded payment of rent from the defendant under the lease, or notified the defendant that he accepted him as tenant under the lease and the several assignments to him, or that the defendant after January 20, 1868, ever offered to pay rent under the lease, or claimed to be a tenant under the lease and assignments, or to occupy the premises under them.

The plaintiff introduced evidence tending to show that, from early in January until after the beginning of this action, the defendant was in actual occupation of the premises in question; and the defendant introduced evidence tending to show that he never actually occupied the premises. The plaintiff also introduced evidence tending to prove that early in January 1868 the defendant made an oral contract with him, by which the defendant agreed to hire the shop, at the rate or rent of $1100 per annum, payable quarterly, the term to continue so long as the plaintiff's lease from Gardner should continue; and the plaintiff contended that, under this contract, as well as by reason of the assignments of the Whiting lease, the defendan became, and was at the time of the commencement of this suit, tenant of the shop. The defendant admitted that he made an oral contract with the plaintiff as contended by the plaintiff; bu

contended and introduced evidence tending to show that it was a part of the oral contract that the plaintiff should give him a lease in writing of the premises. This was denied by the plaintiff. There was also evidence introduced tending to show that the defendant afterwards demanded of the plaintiff a written lease of the premises, which the plaintiff refused, and that the defendant would not take the premises unless he could have a written lease thereof. The plaintiff introduced evidence tending to show that possession of the premises was given to the defendant; that the defendant took the keys from Sanderson and kept them from about January 6, 1868, and held possession and control of the premises from that time until after the date of the writ, neglecting and refusing to pay rent; and that on April 13, 1868, the plaintiff served upon him a notice to quit. " There was a conflict in the testimony as to the occupation by the defendant of the premises for possession of which this action was brought, and it was one of the controverted facts submitted to the jury. There was also other evidence in the case, as to the matters in controversy between the parties, beside the evidence hereinbefore stated."

The defendant requested the judge to rule that if Sanderson, on or about January 13, tendered a week's rent to the plaintiff, under the Whiting lease assigned to him, and the plaintiff refused to receive the rent, or to recognize Sanderson as tenant, and Sanderson communicated this fact to the defendant, and the defendant accepted the assignment of the Whiting lease on January 14, with knowledge that the plaintiff refused to recognize Sanderson as tenant and to accept rent from him ; and if on January 20 the defendant tendered rent to the plaintiff under said lease, and he refused to accept rent from the defendant, and to recognize him as tenant under said assignment of lease, then the plaintiff was estopped afterwards to claim that the defendant was a tenant under said assignment of lease ; and that no rent would become due and payable to the plaintiff from the defendant, under said lease, until demand therefor had been made by the plaintiff; that if the oral contract between the plaintiff and the defendant was in substance that the plaintiff was to

let or lease the shop to the defendant until the termination of the plaintiff's lease from Gardner, at an annual rent of $1100, and nothing was expressly said as to whether the plaintiff should make a lease in writing, the legal effect of such agreement would be to require the plaintiff to make a written lease of the premises for that time; and that under said oral contract the defendant did not become a tenant of the premises, unless he afterwards actually occupied them and had not abandoned that occupation thereof on the day when the notice was served upon him.

"The judge declined to give the instructions in the form asked for, and instructed the jury that in order to maintain this action it was necessary that they should be satisfied that the relation of landlord and tenant existed between and was recognized by the plaintiff and the defendant prior to and at the time of giving the notice, and that rent was due and in arrear at the time of the giving of the notice. The judge stated fully to the jury the different ways by which said relation could be created and its existence proved, (to which statements no exception was taken,) and that, if they found that such relation existed, it was immaterial whether it was under the Whiting lease or under an oral contract, but they must find that the defendant was in possession of the premises as the tenant of the plaintiff, and holding them either under an oral lease or the assignment of the Whiting lease, that the relation of landlord and tenant was recognized by the parties as existing between them, and that rent was due and in arrear at the time of the giving of the notice; otherwise they must return a verdict for the defendant."

The jury found for the plaintiff; and the defendant alleged exceptions.

*J. Nickerson*, for the defendant.

*A. A. Ranney*, for the plaintiff.

MORTON, J. The instructions given at the trial were sufficiently favorable to the defendant. Under them, the jury have found that the relation of landlord and tenant existed between the parties; that the defendant, at the time of giving the notice, was in possession of the premises as tenant of the plain-

tiff; and that rent was then due and in arrear. This is all th plaintiff is required to prove in order to maintain this process. *Kimball* v. *Rowland*, 6 Gray, 224. It is not material wi ether the jury found this relation to exist under the Whiting lease or under the oral contract. The bill of exceptions states that the court fully instructed the jury, without exception being taken, as to the different ways in which such relation could be created and its existence proved. We are to presume, therefore, that proper instructions were given as to what would create or prove an existing tenancy, either under an assignment of the Whiting lease or under a parol demise. It does not appear that any part of the defendant's requests, which was material and called for in the case, was not included in the instructions given.

*Exceptions overruled.*