GRACE B. PROCTOR *vs.* MICHAEL MORAN.

Suffolk.    November 11, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Lis Pendens.    Summary Process for Possession of Land.    Landlord and Tenant.*

In a summary process under R. L. c. 181, for the possession of certain premises that had been occupied by the defendant under a lease from the plaintiff, which had been terminated for non-payment of rent by a notice in writing under R. L. c. 129, § 11, given by the plaintiff to the defendant one month before the date of the writ, it is no defense that an action is pending for the possession of the same premises brought by the plaintiff against the defendant under the same statute in a municipal court about seven months before the date of the writ in the present action in which the plaintiff obtained judgment and the defendant appealed to the Superior Court, filing a bond as required by R. L. c. 181, § 6.

SUMMARY PROCESS under R. L. c. 181, for the possession of certain premises, consisting of two large rooms on the first floor and the basement of No. 195 Hampden Street in Boston. Writ

in the Municipal Court of the Roxbury District of the City of Boston dated December 2, 1911.

The answer set up as a bar the pendency of the former action which is mentioned in the opinion, such former action having been brought under the same statute in the same municipal court on May 9, 1911, the plaintiff having obtained a judgment for possession and the defendant having appealed to the Superior Court and having given a bond under R. L. c. 181, § 6.

On appeal of the present case to the Superior Court it was tried before *Dana,* J. At the close of the evidence the defendant asked for sixteen rulings, which the judge refused to make on the ground that they were incorrect or immaterial. He found for the plaintiff for possession and costs. The defendant alleged exceptions to the refusal of the rulings requested and to the admission of certain evidence which is referred to in the opinion as not having harmed the defendant.

*S. W. Wagner,* for the defendant, submitted a brief.

*H. R. Scott,* for the plaintiff.

SHELDON, J. It was contended by the plaintiff and conceded by the defendant that the latter's only right to the premises was under the lease given to him by the plaintiff, which was in evidence; that he had paid no rent under this lease since a time before May 9, 1911, and that the plaintiff on November 2, 1911, had served upon him a notice to quit and deliver up the leased premises in fourteen days from that date. He paid no rent after that date. These facts entitled the plaintiff to recover unless some affirmative defense was shown. R. L. c. 129, § 11; c. 181, § 1.

The defendant has not disputed what has been said above, but contends that the pendency of the earlier action brought by the plaintiff against him to recover possession of the same premises and still pending in the Superior Court constitutes of itself a good defense to this action on the merits. But plainly that cannot be so. So far as appears the plaintiff had given the defendant no notice under R. L. c. 129, § 11, before bringing that action, and could not have recovered therein. And it is certain that the issue raised therein, whether she was entitled to possession of the leased premises on May 9, 1911, was different from the issue in this case, whether she was so entitled on December 2, 1911. Obviously the

first issue might call for a negative, and the second for an affirmative answer. *Thayer* v. *Carew,* 13 Allen, 82.

The bringing of the earlier action in no respect altered the defendant's position for the better, or gave him any new right to possession. Nor did his appeal and giving of a bond under R. L. c. 181, § 6, have any such effect.

It has not been argued that the bringing by the plaintiff of an action of contract against the defendant in March, 1911, to recover damages for his failure to put in a water closet as he had agreed to do, afforded any defense to this action, especially as no judgment had been entered in that case. It could have had no such effect.

No harm was done to the defendant by the admission of the testimony as to his failure to put in a water closet, or by the refusal to give the rulings for which he asked as to that. On the conceded facts, the plaintiff was entitled to judgment in any event.

We need not consider his requests for rulings in detail. All of them which were not wholly immaterial were rightly refused.

*Exceptions overruled.*