### HARRY S. PIERCE *vs.* JAMES DeQUATTRO.

Middlesex.   February 2, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Summary Process. Evidence,* Presumptions and burden of proof. *Tender.*

In an action of summary process the defence of a tender of rent under G. L. (Ter. Ed.) c. 186, § 11, or excuse for nontender, was an affirmative defence to be established by the defendant.

Neither evidence merely that a lessor's agent was asked by the lessee if he would accept rent, to which the agent replied that he could not, nor evidence that the lessee "offered to pay the rent" to an attorney at law who was not shown to have authority to receive it and who told the lessee he had no such authority, warranted a finding that the lessee had sustained the burden of proving a tender under G. L. (Ter. Ed.) c. 186, § 11.

Evidence in an action of summary process merely that the defendant went to the plaintiff's address as given on the writ but could not locate him, and made unsuccessful inquiries for the residential address of the plaintiff, did not warrant a finding that a tender of rent was excused on the ground that the plaintiff evaded a tender.

SUMMARY PROCESS.   Writ in the Third District Court of Eastern Middlesex dated October 18, 1935.

On appeal to the Superior Court, the action was tried before *Burns,* J., who ordered a verdict for the plaintiff. The defendant alleged exceptions.

*M. H. Kramer,* for the defendant.

*H. Klein,* (*S. S. Epstein* with him,) for the plaintiff.

FIELD, J.   This case, described in the bill of exceptions as "an action of ejectment to recover possession of premises" at 6 Eustis Street, Cambridge, is an action of sum-

mary-process for possession of such premises, under G. L. (Ter. Ed.) c. 239. The action was begun in a district court by a writ in the form of an original summons, dated October 18, 1935, and returnable October 26, 1935. In that court the defendant was defaulted. He appealed to the Superior Court (see G. L. [Ter. Ed.] c. 231, §§ 97, 98, 99, 101, 102, 103), where the case was tried to a jury. The plaintiff's motion for a directed verdict was allowed and the defendant excepted. This is the only exception argued by the defendant.

The verdict was directed rightly.

It is undisputed that the defendant was a lessee of the premises under a written lease which was in force at the time this action was brought, that the rent reserved was payable in monthly instalments, that the defendant failed to pay the rent for the month of October, 1935, and that on October 3, 1935, the "plaintiff sent a fourteen days notice to quit for nonpayment of rent and deliver up the premises," which the defendant received.

The plaintiff's case rests on the provision of G. L. (Ter. Ed.) c. 239, § 1, that if "the lessee of land . . . holds possession without right after the determination of a lease . . . by notice to quit . . . the person entitled to the land . . . may recover possession thereof under this chapter," and on G. L. (Ter. Ed.) c. 186, § 11, which reads: "Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, at least four days before the return day of the writ, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit."

The defendant contends that the action cannot be maintained for the reason that there was no compliance with the provision of G. L. (Ter. Ed.) c. 239, § 2, that "Such person" — meaning "the person entitled to the land" — "may take . . . from a district court a writ in the form of an original summons, which shall summon the defendant to

answer to the complaint of the plaintiff." This contention is based on the ground that the writ in this action was not taken out by the plaintiff or by his authority. There is no merit in the contention. Whether this writ, taken out in the name of the plaintiff, was taken out by him or by his authority was a preliminary question to be decided by the judge and not a matter affecting the merits of the case for the consideration of the jury. See *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 443. The record does not show that this question was raised before the judge. And it is not open for review on the bill of exceptions. But even if it were open no error is shown.

The undisputed facts made a *prima facie* case which entitled the plaintiff to recover unless some affirmative defence was shown. *Proctor* v. *Moran*, 213 Mass. 405, 406. Failure to pay the rent when due was "neglect . . . to pay the rent" within the meaning of G. L. (Ter. Ed.) c. 186, § 11. Demand by the plaintiff was not required. *Springall* v. *Whittier*, 103 Mass. 375, 378–379. See also *Kimball* v. *Rowland*, 6 Gray, 224, 225; *Dowd* v. *Lawlor*, 238 Mass. 310, 313. The defendant, however, relies on tender or excuse for nontender to save a forfeiture of the lease, an affirmative defence to be proved by him. See *Hodgkins* v. *Price*, 137 Mass. 13, 17–18. The evidence did not warrant a finding that this defence was established.

There was no evidence of tender to the plaintiff personally. But he testified "that he had never accepted, taken or received any rent from the defendant at any time . . . that he left everything in connection with this transaction to either Mr. Marden or Mr. Klein." Marden testified that he was "in charge" of the premises and that he was the plaintiff's "agent in connection with that building." He testified also "that sometime in October, 1935, the defendant called him on the telephone and spoke to him with reference to payment of the rent for October and asked him if he would accept it," and that he "told the defendant that he could not accept the rent whereupon the defendant asked him where the owner lived and he told him that he lived on Pleasant St., Brookline, but that

he did not know the number of the house." The defendant testified that he "appealed to Mr. Marden, who was the agent for the property, and Mr. Marden said he could not take the rent." The inferences most favorable to the defendant which could be drawn would not warrant a finding of a tender to Marden. This evidence shows nothing more on the part of the defendant than an inquiry by him of Marden preliminary to a possible payment or tender. It does not show that, even if Marden was the agent of the plaintiff to receive the rent for the month of October, 1935, the defendant, at the time of his conversation with Marden, was able, ready and willing to pay such rent with interest and costs to Marden, but was only prevented therefrom by the statement to him by Marden that "he could not accept the rent." Proof of these facts was essential, and we need not decide whether, if they could have been found, it could also have been found that the statement of Marden excused the defendant from actually producing the money. *Breed* v. *Hurd*, 6 Pick. 356. *Hazard* v. *Loring*, 10 Cush. 267, 268. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322, 323. *Mondello* v. *Hanover Trust Co.* 252 Mass. 563, 567–568.

With respect to his dealings with Mr. Klein the defendant testified that "after he had received the notice to quit, and after the fourteen . . . days had expired, and more than four days before the return day of the writ, he went to the office of one Howard Klein, esquire, who acted as counsel for the plaintiff on prior writs of ejectment of a similar nature, and who has acted for the owner on previous occasions, and offered to pay the rent, at which time Mr. Klein stated that he could not take the rent because he is no longer counsel for the owner and does not represent him any longer; that he inquired of Mr. Klein as to the [residence] of the owner whom he had never met, and Mr. Klein informed him that he did not know where the owner lived; that he the defendant, consulted his counsel and it appeared that the writ was brought by the plaintiff *pro se* giving his address as 311 Commonwealth Avenue; he

proceeded to 311 Commonwealth Avenue and was unable to locate the plaintiff there and was told that there was no such person there; that he examined the telephone directory as well as the Boston City Directory but no such name appeared in either one; . . . that he asked Mr. Klein the present residence of the owner and that he was informed that the last he had heard was that he lived somewhere in Brookline but could not tell the defendant either the street or the number of the plaintiff's residence." The defendant also testified that "in the month of September, 1935, he called at the office of Mr. Klein with the rent for the month of September, 1935, which rent, Mr. Klein first declined to accept, but after being shown the provisions of General Laws, Chapter 186, Section 11, relative to tender of rent, he finally accepted the same." There was no evidence that the present action was brought by Mr. Klein. His disclaimer of authority to receive the rent — to which the defendant testified — precluded a finding that he had apparent authority to do so, but would not have defeated a tender to him, sufficient in other respects, if he had actual authority to receive the rent. *McIniffe* v. *Wheelock*, 1 Gray, 600, 604. A finding of such actual authority in Mr. Klein was not warranted by the testimony of the plaintiff or by any other evidence in the case. Consequently we need not consider whether the defendant's testimony that he "offered to pay the rent" would have warranted a finding that a tender, sufficient in other respects, was made to Mr. Klein.

Finally, it could not have been found that the defendant was excused from making a tender on the ground that the plaintiff evaded a tender. The plaintiff testified that "he resides at 234 Pleasant Street, Brookline; that his business is that of superintendent of the Medical Building, 311 Commonwealth Avenue, Boston," and "that his name does not appear on the directory board at 311 Commonwealth Avenue." And Marden testified "that the writ was drawn under his [Marden's] direction; that he knew the plaintiff lived in Brookline but nevertheless gave the address of the plaintiff as Boston." The evidence did not

warrant a finding that the defendant, acting with due diligence, was prevented by the plaintiff from making a tender to him at his residence. See *Southworth* v. *Smith,* 7 Cush. 391, 393.

                                        *Exceptions overruled.*