[Crim. No. 7231. In Bank. Feb. 14, 1963.]

In re JOHN FRANK BUTLER on Habeas Corpus.

Edgar G. Langford and J. Perry Langford for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Gordon Ringer, Deputy Attorney General, James Don Keller, District Attorney (San Diego), and Bruce Iredale, Deputy District Attorney, for Respondent.

SCHAUER, J.—This is a companion case to *In re De La O* (Crim. 7208), *ante*, p. 128 [28 Cal.Rptr. 489, 378 P.2d 793], also decided this day.

Proceedings for the commitment of John Frank Butler (hereinafter called petitioner) to the California Rehabilitation Center as a narcotics addict (in other words, for therapeutic treatment for narcotic drug addiction) were instituted pursuant to Penal Code sections 6500-6510, which deal with commitment to that facility of "persons not charged with a crime." A hearing was duly scheduled to determine whether petitioner

"is addicted to the use of narcotics or in imminent danger of addiction." (*Id.*, § 6506.) A petition for the writ of habeas corpus was filed in this court on behalf of petitioner by his attorney, and the superior court suspended the proceedings pending our disposition of the petition. Because we at that time entertained some doubt as to the possible significance of the decision of the United States Supreme Court in *Robinson* v. *California* (1962) 370 U.S. 660 [82 S.Ct. 1417, 8 L.Ed.2d 758], we directed an order to show cause to issue and ordered petitioner released on bail.

Petitioner attacks the constitutionality of Penal Code sections 6400-6555 on substantially the same grounds as those discussed in *In re De La O, supra, ante,* p. 128. For the reasons set forth in our opinion in that case, these contentions are without merit.

Petitioner presents two additional points not advanced in *De La O,* neither of which is well taken. First, he complains that his original arrest (for violation of Health and Safety Code section 11500), which resulted in a court-ordered examination by a physician and led to institution of commitment proceedings under the subject statute, was illegal. But there is filed with this court, by stipulation, the police report of the events leading up to petitioner's arrest, showing a state of facts amply sufficient to constitute reasonable cause for that arrest within the meaning of Penal Code section 836, subdivision 3.

Second, petitioner contends that the Superior Court of San Diego County is without jurisdiction to proceed with the commitment hearing because its order of detention and examination (pursuant to Pen. Code, § 6502) erroneously recited that petitioner was then in San Diego County, whereas in fact he was in Los Angeles County. But petitioner is in no position to complain of the asserted irregularity (if any) of that order, as he elsewhere alleges that he voluntarily returned to San Diego and "surrendered himself to the sheriff of San Diego County for confinement under the order aforementioned. . . ."

The order to show cause is discharged, the petitioner is remanded to custody, and the petition for habeas corpus is denied.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

Petitioner's application for a rehearing was denied March 13, 1963.