[Civ. No. 7244.   Fourth Dist.   Mar. 27, 1963.]

DARLENE VAN ZANTEN, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

Edgar G. Langford and J. Perry Langford for Petitioner.

James Don Keller, District Attorney, Bruce Iredale and Robert L. Thomas, Deputy District Attorneys, for Respondent.

COUGHLIN, J.—The issue for determination in this matter is whether a proceeding under sections 6500-6510 of the Penal Code, to commit a person as a narcotics addict, may be com-

menced in a county other than that of which he is a resident, or in which he may be at the time the petition instituting such proceedings is filed.

On the evening of December 17, 1962, petitioner, a resident of Bellflower, California, was arrested by federal authorities, on her return from Mexico into the United States, for failure to register as a user of narcotics in violation of title 18, section 1407 of the United States Code; was placed in the county jail at San Diego; on December 18th, was arraigned upon this charge before the United States Commissioner; and on the afternoon of the same day, upon posting bail, was ordered released.

On the morning of December 18th, a deputy sheriff interviewed petitioner while she was in the county jail; observed needle marks upon her arms; was told by her that she had used narcotics, and would probably continue to do so as long as she was with her husband, who was an addict; and concluded that she was in imminent danger of becoming addicted to narcotics.

For the apparent purpose of keeping petitioner in custody, she was arrested by the deputy sheriff, without a warrant, for a violation of section 11721 of the Health and Safety Code, *viz.*, for the unlawful use of narcotics, upon the theory that such offense had been committed in his presence because she then had needle marks upon her arm.

After receipt of the order directing petitioner's release on bail on the federal charge, she was taken before two medical doctors in San Diego by the deputy sheriff; was examined by them; admitted the use of narcotics four or five times over the three immediately preceding weeks; and stated that she had her last injection of heroin in Bellflower, California three days previously. Upon conclusion of this examination she was returned to the county jail; was released; left San Diego; and returned to Bellflower on the same day, i.e., December 18th. No complaint was filed charging her with violation of section 11721 of the Health and Safety Code.

On the morning of the aforesaid day, while petitioner still was in custody on the federal charge, the deputy sheriff reported to an Assistant District Attorney of the County of San Diego his belief that petitioner was a person in imminent danger of becoming a narcotics addict. However, because of administrative procedures adopted by the district attorney's office, which required an examination by medical doctors before the preparation of any petition in such matters, and also

required that the petition, when prepared, should be delivered to the county health department which in turn should deliver the same to the district attorney, the petition herein, which was dated December 19, 1962, was not filed until December 21, 1962.

The petition alleged that Darlene Van Zanten, who is the petitioner before this court, was a resident of Bellflower, California, and declared that it had been reported by the aforementioned deputy sheriff that she "is addicted to the use of narcotics/by reason of the repeated use of narcotics is in imminent danger of being addicted to the use of narcotics"; was accompanied by the certificate of one of the examining doctors who therein stated his conclusion that unless confined she was likely to bring about injury to herself or others; and was followed by an order reciting that Darlene Van Zanten was then at Bellflower, and directing that she be confined and examined to determine whether she was addicted to the use of narcotics or in danger thereof. Thereafter petitioner was arrested in Los Angeles County; brought to San Diego County; and was detained in custody in the latter county.

Subsequently she filed a demurrer to the petition; contended that the proceedings were not properly commenced in San Diego County; and moved for a change of venue to the county of her residence. These objections were overruled and the motion was denied.

Sections 6500-6510 of the Penal Code prescribe a special proceeding of a civil nature for the involuntary commitment of a person, not charged with a crime, who is addicted to the use of narcotics or in imminent danger of becoming addicted (*In re Butler*, 59 Cal.2d 157 [28 Cal.Rptr. 508, 378 P.2d 812]); provides that such a proceeding may be instituted by "*the* district attorney who may petition *the* superior court for a commitment of such person" for treatment (Pen. Code, § 6500) (italics ours); directs that upon the filing of the proper petition "the court shall order the person sought to be committed to be examined by a physician or physicians, by order similar in form to the order for examination prescribed by section 5050.1 of the Welfare and Institutions Code" (Pen. Code, § 6502); and authorizes a further order directing confinement pending hearing if the petition is accompanied by an affidavit of a physician similar to that filed in the instant matter. It will be noted that the statute does not refer to the district attorney or the superior court of any particular county nor, except as hereinafter noted, relate commencement

of the proceeding in any way with any particular district attorney or superior court. ▮ The place for commencement or trial of actions or special proceedings, except where designated by the Constitution, is a matter for legislative determination. (*People* v. *Zegras,* 29 Cal.2d 67, 68 [172 P.2d 883] ; *San Jose I. & C. Storage Co.* v. *City of San Jose,* 19 Cal.App.2d 62, 64 [64 P.2d 1099, 65 P.2d 1324].) ▮ The only clue respecting the legislative intent concerning the venue of proceedings to effect the involuntary commitment of a narcotics addict not charged with a crime appears in Penal Code, section 6502, which requires that the order of the court directing an examination of the alleged addict shall be in the form prescribed by section 5050.1 of the Welfare and Institutions Code. The latter section, which applies to proceedings for the commitment of mentally ill persons, directs the entry of an order which recites the filing of a petition "from which it appears that *there is now in this county*" a person who is mentally ill. (Italics ours.) In directing the court in a narcotics addiction proceeding to use a form of order which declares, among other things, that the subject of such proceeding is a person now in the county, it is reasonable to assume that the petition which is the basis for this order should show such fact, and if it does not do so the court to which the petition is presented should not issue the order which it is directed to issue. In requiring the use of this form the statute impliedly requires the finding of facts which constitute its substance. Under these circumstances, it is unreasonable to ascribe to the Legislature an intent to authorize the filing of a petition in the Superior Court of San Diego County, to effect the involuntary commitment of a resident of Los Angeles County who is a narcotics addict or who is in imminent danger of becoming such, because that person, while on a return trip to her home from Mexico, either stopped or was detained in San Diego for a sufficient length of time to enable a deputy sheriff of San Diego County to ascertain the status of her narcotics use, unless that person is in San Diego at the time of such filing. Unless the meaning we have ascribed to section 6502 of the Penal Code, which requires an order in the form prescribed by section 5050.1 of the Welfare and Institutions Code, governs the venue of proceedings to which the former section refers, a petition might be filed in the Superior Court of San Diego County against a resident of Del Norte County who never had been in San Diego County. This would seem to be so in that the processes of the superior

courts extend to all parts of the state (Cal. Const., art. VI, § 5). Such a possibility demonstrates the unreasonableness of any interpretation of the statute which disregards that part of the form of order prescribed by section 5050.1 of the Welfare and Institutions Code that restricts the proceeding to a person who "is now" in the county in which the petition has been filed and, of consequence, accordingly limits the authority of the court to proceed.

Where uncertainty exists in a statute, consideration may be given to the consequences that would follow from a particular interpretation (*Estate of Ryan,* 21 Cal.2d 498, 513 [133 P.2d 626]), and an interpretation which leads to an absurdity should be avoided. (*Stockton School District* v. *Wright,* 134 Cal. 64, 68 [66 P. 34]; *Meyer* v. *Board of Trustees,* 195 Cal. App.2d 420, 430 [15 Cal.Rptr. 717].) Our interpretation of the subject statute abides the foregoing rules.

By this opinion we do not intend to indicate that a person who is a resident of a particular county may not be the subject of an involuntary commitment proceeding as a narcotics addict in that county because temporarily absent therefrom. Residence may constitute constructive presence for the purpose of the statute. We make no decision about this matter.

■ Petitioner was not a resident of San Diego County; was not actually present in that county at the time the subject petition was filed; did not thereafter voluntarily submit to the jurisdiction of the court of that county, as was the situation in the *Butler* case (*In re Butler, supra,* 59 Cal. 2d 157); and further proceedings in the premises should be stayed.

Under the circumstances of this case, the writ of prohibition is an applicable remedy. (*Burtnett* v. *King,* 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 463-464 [171 P.2d 8]; *Woods-Drury, Inc.* v. *Superior Court,* 18 Cal.App.2d 340, 344 [63 P.2d 1184].)

Petitioner has raised other contentions respecting the unconstitutionality of the subject statute, and of her right to a change of venue, but our decision in the premises renders a consideration thereof unnecessary.

Let a peremptory writ of prohibition issue restraining the respondent court from any further action in the subject proceedings.

Griffin, P. J., and Brown (G.), J., concurred.