[Crim. No. 1870. Fourth Dist. July 18, 1963.]

THE PEOPLE of the State of California for the Best Interest and Protection of HENRY CURTIS NELSON. THE PEOPLE, Plaintiff and Respondent, v. HENRY CURTIS NELSON, Defendant and Appellant.

J. Perry Langford and Edgar G. Langford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), Defendant was arrested September 7, 1962, and then examined by Dr. R. L. Williams, San Diego Police Physician. The same day Dr. Williams executed an affidavit of examining physician, in which he declared his conclusion that defendant was addicted to the use of narcotics and unless confined would likely injure himself or others or become a menace to the public.

On September 11, the district attorney initiated proceedings pursuant to Penal Code sections 6500 through 6510 by filing a petition of narcotic addiction No. N 28335, in the Superior Court of San Diego County. The petition alleged that a police officer had reported to the affiant district attorney that defendant was either addicted to the use of narcotics or in imminent danger of addiction. The petition was not accompanied by the affidavit of Dr. Williams; it was not until May 23, 1963, that a duplicate signed copy of the affidavit of examining physician was filed in the superior court, after its absence had been pointed out in defendant's opening brief.

On the day the petition was filed the court made an order detaining the defendant and ordered further that defendant be delivered for examination at the county phychiatric ward on September 13, and for hearing on September 14.

On September 14, a certificate of medical examiners was filed wherein two examining doctors concluded that defendant was in imminent danger of narcotic addiction. The same day the hearing was continued to September 19. On September 19, a second certificate was filed by examining doctors diagnosing

that the defendant was in imminent danger of becoming a narcotic addict. After the hearing on September 19, the court concluded that the defendant was a narcotic addict or in imminent danger of becoming addicted to the use of narcotics, and ordered his commitment to the Director of Corrections. This judgment and commitment was filed September 19.

On September 26, defendant demanded a jury trial which resulted in an 11 to 1 verdict against the defendant. On October 11, he was again ordered committed.

█ Defendant attacks the constitutionality of Penal Code sections 6500 to 6510. These questions previously have been considered and resolved in favor of upholding the statutes. (*In re De La O,* 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793]; *In re Butler,* 59 Cal.2d 157 [28 Cal.Rptr. 508, 378 P.2d 812]; *In re Raner,* 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638].)

█ The defendant urges that the procedural safeguards afforded by the statutes here in question have been ignored and that he was committed illegally. More particularly he complains that without a report from an examining physician, his detention before the hearing was illegal and without jurisdiction and served to vitiate later proceedings and commitment orders.

Penal Code, section 6502, provides in part: "The court may also order that the person be confined pending hearing in a county hospital or other suitable institution if the petition is accompanied by the affidavit of a physician alleging that he has examined such person within three days prior to the filing of the petition and has concluded that, unless confined, such person is likely to injure himself or others or become a menace to the public."

There was failure to comply with Penal Code section 6502. The record discloses that the petition was not accompanied by the affidavit of the examining physician. Facing a similar situation the Supreme Court in *In re Raner, supra,* 59 Cal.2d 635, 639-641, stated:

"Being a creature of statute, jurisdiction to enter an order of commitment pursuant thereto depends on *strict compliance with each of the specific statutory prerequisites for maintenance of the proceeding.*

". . . . . . . . . . . . . . .

". . . the statutory right (in the absence of the physician's affidavit provided for in Penal Code section 6502) of a person sought to be committed as a narcotics addict to remain at liberty with an opportunity to consult with relatives and

friends and to obtain legal advice 'is one that should be scrupulously observed by the authorities.' (*In re Hofmann* (1955), *supra* [131 Cal.App.2d 758 (281 P.2d 96)].) Indeed, section 6502 is even stricter in this regard than the statute involved in the *Hofmann* case in that it does not allow prehearing detention simply on a finding by the court that 'it otherwise affirmatively appears that [the] person is likely to injure himself or others' (Welf. & Inst. Code, § 5050, *ante*, fn. 5) ; under the specific language of Penal Code section 6502 . . . the *minimal allowable ground* for prehearing detention requires the physician's affidavit that was omitted in the case at bench."

Thus, the requisite jurisdiction to enter the commitment order of September 19, was lacking and vitiated the later proceeding that culminated in the commitment order of October 11. This same result was effected by the Supreme Court in *In re Raner, supra,* by analogy in the following quoted language from *Matter of Lambert,* 134 Cal. 626, 629 [66 P. 851, 86 Am.St.Rep. 296, 55 L.R.A. 856] :

" 'The provision in section 4 for a trial upon the question of his insanity is *effective only after the order of commitment has been made,* under which the person may have been immediately placed in the hospital, and cannot be made a substitute for his right to have an opportunity to be heard and to defend himself against the charge *before being deprived of his liberty.' "

The commitment order is reversed and the defendant is ordered discharged insofar as his custody relates to the proceedings in No. N 28335.

In view of the foregoing defendant's remaining contentions need not be considered.

Griffin, P. J., and Coughlin, J., concurred.