Coven, J.
This is the second summary process action between the same parties for possession of leased commercial property located at 255 Elm Street in Somer-ville, Massachusetts.
The first summary process action was filed by plaintiff Misujo Realty Trust (“Misujo”) on April 16,2001 on the ground that defendant 5215 Development, Inc. (“5215”) had “no tenancy with the landlord and no legal right to continue [its] possession.” Judgment in favor of 5215 for possession of the premises was entered on June 8, 2001. Three weeks later, on July 30, 2001, Misujo filed this second summary process action against 5215. Completely disregarding the judgment in favor of 5215 in the first action, Misujo claimed as a basis for its second summary process complaint that “the Notice to Vacate served by the Landlord has expired and the Defendants have failed to vacate the premises and the Defendants have no legal entitlement to possession of the premises.”
On August 6,2001,5215 filed a motion to dismiss Misujo’s second complaint on the ground of res judicata. The trial court denied the motion. After trial, judgment for possession was entered in favor of Misujo, and 5215 filed this Dist/Mun. Cts. RAD.A, Rule 8C Appeal.[2]
The facts of the case are not substantially in dispute. On August 1,1991, Misujo and New Age Entertainment (“New Age”) entered into a lease agreement for the commercial premises for a five year term ending on July 31,1996. The parties later extended the lease to July 31, 2006. The lease included a non-assignability clause which provided that the “Lessee or any other person or persons claiming through or under the Lessee may not assign or sublet the premises without Misujo’s prior consent” Misujo in fact assented in writing, on May 6,1996, to New Age’s assignment of the lease to West Coast Entertainment Corporation (“West Coast”), which assumed all of New Age’s obligations under the August 1,1991 agreement
On February 13, 2001, West Coast executed an Asset Purchase Agreement and Bill of Sale for defendant 5215’s purchase of all of West Coasts inventory, equipment cash, accounts receivable and “all right title and interest in [West Coast’s] real property leases” at 56 video rental store locations. The Agreement included the lease of the property at 255 Elm Street 5215 subsequently arranged for Phoenix Restructuring Group LLC (“Phoenix”) to manage the video store at 255 Elm Street
*137 On February 28, 2001, 5215 mailed a rent check in the amount of $12,285.92 to Misujo to cover the combined rents due for the months of February and March, 2001. Misujo deposited 5215’s rent check without any restrictive endorsements, and the check cleared Misujo’s bank on March 5, 2001. On March 30, 2001, Misujo served 5215 with a notice to vacate which stated that “[y]our status as an occupant on this property is that of a trespasser.” As noted, Misujo filed its first summary process complaint on the sole ground of illegal possession on April 9,2001. Judgment in favor of 5215 for possession was entered on June 8,2001. No requests for rulings of law were filed at trial, and Misujo did not appeal the court’s judgment
Misujo did not serve a new notice to vacate on 5215, hut instead simply filed a second summary process action on the same grounds as the first action. Despite 5215’s proper assertion of res judicata by both pretrial motion to dismiss and by a request for ruling of law at the close of the evidence, judgment was entered for Misujo in this second action.
1. It is elementary that when an issue of fact or law is litigated and determined by a valid and final judgment, that determination is conclusive as to the particular parties and the claim presented. Bagley v. Moxley, 407 Mass. 633, 636-637 (1990); RESTATEMENT (SECOND) OF JUDGMENTS §§17, 19 (1982). Res judicata effectively bars a party from relitigating a claim that was, or could have been, raised in the prior action, or from bringing a subsequent suit based on a question of law or fact that was essential to the original judgment.[3] Blanchette v. School Committee of Westwood, 427 Mass. 176, 179 n.3 (1998); TLT Constr. Corp. v. A. Anthony Tappe & Associates, Inc., 48 Mass. App. Ct. 1, 4-5 (1999).
Misujo’s second summary process complaint merely reiterated the issue set forth in its first complaint Claiming possession of the same property as against 5215, Mis-ujo argued only that “the Notice to Vacate served by the Landlord has expired and the Defendants have failed to vacate the premises and the Defendants have no legal entitlement to possession of the premises.” That very issue was decided against Mis-ujo in its first summary process action against 5215. Misujo could have appealed that decision within ten days of entry of judgment in the first action. Uniform Summary Process Rule 12; Dist/Mun. Cts. R.A.D.A, Rule 4(a); G.Lc. 239, §5A Misujo failed to do so, and must thus be deemed to have waived any objection to that decision and any right to bring a subsequent action raising the same issue. Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974).
2. A subsequent lawsuit may be properly allowed between two parties to a prior, adjudicated dispute where the operative circumstances of that dispute have changed at some point after the entry of judgment An individual may bring a new claim in a different capacity, provided the party’s new status was not known until after the judgment entry date. See McCarthy v. William H. Wood Lumber Co., 219 Mass. 566, 568-569 (1914). Similarly, the discovery of new evidence following a judgment may be sufficient for a court to permit a new cause of action between the parties.[4] In such cases, new events developed or new evidence became known at some point after the date of the judgment, thus changing the parties’ circum *138 stances. The new circumstances were sufficient to form the basis of an entirely new claim. See McSorley v. Hancock, 11 Mass. App. Ct. 563, 567 (1981).
Misujo cites Proctor v. Moran, 213 Mass. 405, 406-407 (1913) in support of its argument that a landlord’s right of possession at one time does not affect that right at a later date. The case is inapposite. The Court held in Proctor that the plaintiff-landlord could bring a second action for possession based on notice to quit served while the original action was still pending. It was determined that as no judgment had yet been entered in the pending action, there could be no affirmative defense based on res judicata grounds.
The facts are clearly different in this case. First, Misujo did not serve 5215 with a new notice to vacate as a basis for the claim set forth in the second summary process complaint, as did the landlord in Proctor. Second, Misujo’s second action was not filed while its first summary process action was still pending, but after the first had already gone to judgment, with a finding entered against Misujo and in favor of 5215 for possession. Finally, there were no changed circumstances permitting a second action by Misujo against 5215.[5] As noted, Misujo set forth the same claim for possession based on the very same notice to vacate that was essential to the original judgment See Thayer v. Carew, 95 Mass. 82 (1866).
The denial of the defendants’ motion to dismiss was error. Accordingly, the judgment for the plaintiff is hereby reversed and vacated, and judgment for possession shall be entered for the defendants.
So ordered.

 Defendant 5215 has appealed on a charge of error in both the denial of its motion to dismiss and the denial of its proposed ruling of law number 5, which also properly raised the issue of res judicata.

 Res judicata is a defense that must he affirmatively raised. Mass. R. Civ. R, Rule 8(c). See generally Anthony’s Pier Four, Inc. v. HBC Associates, Mass. 451, 471 (1991). It was properly raised in this case by 5215’s Mass. R. Civ. P., Rule 12(b) (6) motion to dismiss. The burden is on the moving party to show that the issue in question was previously decided in a judgment after an earlier trial on the merits. See Hopkins v. Holcombe, 308 Mass. 54, 57 (1941). 5215 satisfied that burden.

 See Chedid v. Lee Street Realty, Inc., 1995 Mass. App. Div. 177, 178 (while both actions arose out of the parties’ landlord-tenant relationship, the tenants could bring suit again “because it presents claims and issues which are factually and legally distinct from the limited issue raised by their prior counterclaim.”).

 Misujo presents allegations of various breaches of lease covenants, including claims that 5215 employees were observed smoking on the premises and hanging banners unlawfully. Even if there had been a basis for these allegations (where there was not), a different form of liability does not constitute a new cause of action. See MacKintosh v. Chambers, 285 Mass. 594, 597 (1934) (“Two actions are not necessarily for different causes of action simply because the theory of the second would not have been open under the pleadings in the first A party cannot preserve the right to bring a second action after the loss of the first merely by having circumscribed and limited the theories of recovery opened by the pleadings in the first”). In the present case, trial testimony shows that Misujo knew of the behavior in question prior to the first summary process action, but did not raise the issue at trial.