Sofia Cespedes (tenant) appeals from a summary process judgment that awarded possession of the apartment in which she lived to plaintiffs Roderick and Kenyia McLaren (landlords). We affirm.[3]
The tenant's lease permitted only specified family members -- the tenant and her three younger children -- to live in the apartment. Neither Sofia White, the tenant's oldest daughter, nor Tom Washington, the father of the tenant's younger children, was permitted to live in the apartment under the lease. The tenant does not contest the terms of the lease.
What was contested at trial was whether unauthorized persons were living in the apartment in violation of the lease. Roderick McLaren testified he saw that Sofia White's boy friend had parked his car at the apartment essentially "every day" between early January and May, 2017. McLaren also observed that Tom Washington was present at the apartment perhaps as many as 100 times over the course of two to three years and that he had seen Tom Washington leaving the apartment several times in the two months before trial, on one occasion after dark "looking at the back door for a pillow or something of the sort" and on another occasion "probably around maybe seven in the morning or so." Although the tenant denied that either Sofia White or Tom Washington lived at the apartment, she admitted that Sofia White "sometimes ... stays with" the tenant at the apartment "at least three times, some weeks four times, other weeks depending on how she's needed with my sister." She also admitted that Tom Washington has no regular residence, that he stayed with her between two and four times per week when he was in Massachusetts, and that Tom Washington stayed with her as recently as two nights before trial. The tenant also admitted that both Sofia White and Tom Washington keep clothing at the apartment.
As an appellate court we do not find facts. We review the trial judge's decision to determine if the factual findings were based on the evidence, and whether the law was properly applied. We are satisfied that, on this testimony, the judge's finding that both Sofia White and Tom Washington lived in the apartment in violation of tenant's lease was supported. "It was for the judge to weigh the evidence and assess credibility." Goddard v. Goucher, 89 Mass. App. Ct. 41, 50 (2016).
We do not address the tenant's argument that the landlords breached par. 13 of the lease (and violated applicable Federal law) when they allegedly failed to give a copy of the thirty-day notice to quit to the Boston Housing Authority (BHA). For the first time on appeal the tenant maintains that service of a copy of the notice on the BHA is required by Federal law, and the failure to strictly follow the lease provisions regarding notice to the BHA renders the eviction invalid.[4] However, the trial judge found that the tenant admitted at trial the "receipt of the notice and [she] does not challenge the sufficiency thereof." See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued below may not be argued for the first time on appeal). The tenant correctly notes that the Housing Court may issue a judgment of possession only upon a showing by the landlord that the tenancy was terminated "by notice to quit or otherwise." See G. L. c. 239, § 1 ; Ryan v. Sylvester, 358 Mass. 18, 19 (1970). The landlords carried their burden when they introduced, without objection, the notice to quit, all other objections to the sufficiency of the notice having been waived.[5] See Carey, supra; Pierce v. DeQuattro, 299 Mass. 533, 534-535 (1938).
Judgment affirmed.

The tenant informed us, pending appeal, that she vacated the apartment on or about March 1, 2018. The landlords have not appeared. While the appeal may in some respects be moot, the tenant has requested a ruling because of the collateral consequences of the judgment.

The lease specifies in par. 13(b) that the lease may be terminated "for 'other good cause' upon thirty (30) days written notice by the Owner to the Tenant (with a copy to the BHA)." The lease goes on to provide that the tenant may be evicted "only by instituting a court action. The Owner must notify the BHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Owner gives notice to the Tenant under State or local law. The notice to the BHA may be given by furnishing the BHA a copy of the notice to the Tenant.... To terminate this Lease, Owner shall give Tenant 14 days' notice in the case of nonpayment of rent and 30 days' notice in all other cases." Lease par. 13(d)-(e).

For this reason we also do not reach the tenant's related argument that the Federal law preempts any lesser notice requirement imposed by G. L. c. 239, § 1. The tenant's argument touches on the applicability of Federal law, an argument that was waived. On this record, it has not been made to appear that the tenant's preemption argument implicates the subject matter jurisdiction of the court.